The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
3G WIRELESS, INC and JOSEPH CHO and ELITE MOBILE, INC and HEATHER CHO

### DEFENDANTS
METRO PCS PENNSYLVANIA, LLC, ET AL

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Montgomery**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark C Wesoski, Esquire
3901 Manayunk Avenue, Suite # 407, Philadelphia, PA 19128
610-742-3245

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC section 1962 (b), 18 USC section 1962(c) and 18 USC section 1962(d)
Brief description of cause:
defendants conspired to obstruct, delay, or effect interstate commerce by extortion to obtain plaintiffs assets

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 3,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/20/2015
SIGNATURE OF ATTORNEY OF RECORD: /s/ MCW

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| 3G WIRELESS, INC et al | : | CIVIL ACTION |
| v. | : | |
| METRO PCS PENNSYLVANIA, LLC et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 11/20/15 | Mark C Wesoski | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-742-3245 | | mwesoski@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
(See §1.02 (e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
 United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
 United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
 Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be arked.
 Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: **federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
 Original Proceedings. (1) Cases which originate in the United States district courts.
 Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
 Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
 Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
 Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
 Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
 Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
 Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **3G WIRELESS, INC- 2310 North Front Street, Philadelphia, PA 19124 (see attachment)**

Address of Defendant: **Metro PCS Pennsylvania, LLC- 510 Virginia Drive, Fort Washington, PA 19034 (see addtl)**

Place of Accident, Incident or Transaction: **Philadelphia, PA, Fort Washington, PA, North Wales, PA and Hartford, CT**
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) **18 USC section 1961, et seq**

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify) _____
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, **MARK C WESOSKI**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **11/20/2015**     _____     **60296**
                         Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **11/20/2015**     _____     **60296**
                         Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONTINUATION SHEET FOR DESIGNATION FORM

*ADDRESS OF PLAINTIFF-*

Joseph Cho- 70 Arbor Circle, Colmar, PA 18915
Elite Mobile, Inc- 70 Arbor Circle, Colmar, PA 18915
Heather Cho- 70 Arbor Circle, Colmar, PA 18915

*ADDRESS OF DEFENDANT-*

John Shelton-510 Virginia Drive, Fort Washington, PA 19034
Louis Peltzer-510 Virginia Drive, Fort Washington, PA 19034
Brian Bromberg- 510 Virginia Drive, Fort Washington, PA 19034
Michael O'Shea- 510 Virginia Drive, Fort Washington, PA 19034
Ethan Wonwoo Lee- 156 Hampshire Drive, Sellersville, PA 18960
Yung K Lau- 1214 North Broad Street, Philadelphia, PA 19130
David Eun Kyu Chung- 102 Green Valley Circle, Dresher, PA 19025
Gwang Tae Kim, 31 South 52nd Street, Philadelphia, PA 19139
City Wireless Solutions, Inc, 11 South 63rd Street, Philadelphia, PA 19139
Samuel Insik Kim, 307 Ivy Court, Marlton, NJ 08053

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 3 G WIRELESS, INC <br> 2310 NORTH FRONT <br> PHILADELPHIA, PA 19124 <br> and <br> JOSEPH CHO <br> 70 ARBOR CIRCLE <br> COLMAR, PA 18915 <br> and <br> ELITE MOBILE, INC <br> 70 ARBOR CIRCLE <br> COLMAR, PA 18915 <br> and <br> HEATHER CHO <br> 70 ARBOR CIRCLE <br> COLMAR, PA 18915 <br>                 Plaintiffs <br>      v. <br><br> METRO PCS PENNSYLVANIA, LLC <br> 510 VIRGINIA DRIVE <br> FORT WASHINGTON, PA 19034 <br> and <br> JOHN SHELTON <br> 510 VIRGINIA DRIVE <br> FORT WASHINGTON, PA 19034 <br> and <br> LOUIS PELTZER <br> 510 VIRGINIA DRIVE <br> FORT WASHINGTON, PA 19034 <br> and <br> BRIAN BROMBERG <br> 510 VIRGINIA DRIVE <br> FORT WASHINGTON, PA 19034 <br> and <br> MICHAEL O'SHEA <br> 510 VIRGINIA DRIVE <br> FORT WASHINGTON, PA 19034 <br> and <br> ETHAN WONWOO LEE <br> 156 HAMPSHIRE DRIVE <br> SELLERSVILLE, PA 18960 <br> and | CIVIL ACTION NO <br><br> Case No. |

```
YUNG K LAU                              }
1214 NORTH BROAD STREET                 }
PHILADELPHIA, PA 19130                  }
        and                             }
DAVID EUN KYU CHUNG                     }
102 GREEN VALLEY CIRCLE                 }
DRESHER, PA 19025                       }
        and                             }
GWANG TAE KIM                           }
31 SOUTH 52ND STREET                    }
PHILADELPHIA, PA 19139                  }
        and                             }
CITY WIRELESS SOLUTIONS, INC            }
11 SOUTH 63RD STREET                    }
PHILADELPHIA, PA 19139                  }
        and                             }
SAMUEL INSIK KIM                        }
307 IVY COURT                           }
MARLTON, NJ 08053                       }
                        Defendants      }
```

## COMPLAINT

Plaintiffs 3G Wireless, Inc, Joseph Cho, Elite Mobile, Inc and Heather Cho hereby institutes this Civil Action against the Defendants MetroPCS Pennsylvania, LLC, John Shelton, Louis Peltzer, Brian Bromberg, Michael O'Shea, Ethan Wonwoo Lee, Yung King Lau, David Eun Kyu Chung, Gwang Tae Kim, City Wireless Solutions, Inc and Samuel Insik Kim and in support hereof, avers the Following:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 USC Section 1961 *et seq*. Jurisdiction is conferred upon this Court by 28 USC section 1331 and 18 USC Section 1964.

2. In addition this court also has jurisdiction under 28 USC section 1332 because of diversity of citizenship of the parties

3. This court also has supplemental jurisdiction over state law claims under 28 USC section 1367

4. Venue lies in the Eastern District of Pennsylvania pursuant to 28 USC Section 1391(b).

## THE PARTIES

5. Plaintiff, 3G Wireless, Inc, is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and a citizen of the Commonwealth of Pennsylvania with its Principal place of business located at 2310 N Front Street, City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania.

6. Plaintiff, Joseph Cho, is an individual and President, shareholder and financial investor of 3 G Wireless, Inc and a citizen of the Commonwealth of Pennsylvania who resides at 70 Arbor Circle, Hatfield Township, Montgomery County, Commonwealth of Pennsylvania.

7. Plaintiff, Elite Mobile, Inc, is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and a citizen of the Commonwealth of Pennsylvania with its Principal place of business located at, 70 Arbor Circle, Hatfield Township, Montgomery County, Commonwealth of Pennsylvania.

8. Plaintiff, Heather Cho, is an individual and President, shareholder and financial investor of Elite Mobile, Inc and a citizen of the Commonwealth of Pennsylvania who resides at 70 Arbor Circle, Hatfield Township, Montgomery County, Commonwealth of Pennsylvania.

9. Plaintiffs Joseph Cho and 3G Wireless, inc are also identified as Tenants under existing commercial leases at the following addresses 2310 N Front street, Philadelphia, PA; 3613 Germantown Avenue, Philadelphia, PA; 1415 W Girard Avenue, Philadelphia,, PA ; 4945 N 5th Street, Philadelphia, PA; 1013 Marshall Street, Philadelphia, PA; 805 Montgomery Mall, North Wales, PA and 879 New Britain Ave, Hartford, CT (hereinafter collectively referred to as the "leased Premises")

10. Plaintiffs Heather Cho and Elite Mobile, Inc also are identified as assuming the leases as Tenants under commercial leases at the following addresses 3613 Germantown Avenue, Philadelphia, PA and 4945 N 5th Street, Philadelphia, PA

11. Defendant, MetroPCS Pennsylvania, LLC, is a limited liability company formed and organized under the laws of the Commonwealth of Pennsylvania and is a citizen of the Commonwealth of Pennsylvania with its principal place of business located at 510 Virginia Drive, Fort Washington, Upper Dublin Township, Montgomery County, Commonwealth of Pennsylvania.( hereinafter referred to as "Metro PCS").

12. Defendant, John Shelton is a individual and employee of Defendant MetroPCS Pennsylvania, LLC whose title is general manager and is a citizen of the Commonwealth of Pennsylvania who at all relevant times was acting within the

course and scope of his employment with his employer defendant, Metro PCS whose main business address is 510 Virginia Drive, Fort Washington, Upper Dublin Township, Montgomery County, Commonwealth of Pennsylvania.

13. Defendant, Louis Peltzer is a individual and employee of Defendant MetroPCS Pennsylvania, LLC whose title is Vice President of Distribution and is a citizen of the Commonwealth of Pennsylvania who at all relevant times was acting within the course and scope of his employment with his employer defendant, Metro PCS whose main business address is 510 Virginia Drive, Fort Washington, Upper Dublin Township, Montgomery County, Commonwealth of Pennsylvania.

14. Defendant, Brian Bromberg is a individual and employee of Defendant MetroPCS Pennsylvania, LLC whose title is Director and is a citizen of the Commonwealth of Pennsylvania who at all relevant times was acting within the course and scope of his employment with his employer defendant, Metro PCS whose main business address is 510 Virginia Drive, Fort Washington, Upper Dublin Township, Montgomery County, Commonwealth of Pennsylvania.

15. Defendant, Michael O'Shea is a individual and employee of Defendant MetroPCS Pennsylvania, LLC whose title is Account Manager and is a citizen of the Commonwealth of Pennsylvania who at all relevant times was acting within the course and scope of his employment with his employer defendant, Metro PCS whose main business address is 510 Virginia Drive, Fort Washington, Upper Dublin Township, Montgomery County, Commonwealth of Pennsylvania.

16. Defendant, Ethan Wonwoo Lee, is an adult individual who is a citizen of the Commonwealth of Pennsylvania who resides at 156 Hampshire Drive, Sellersville, Bucks County, Commonwealth of Pennsylvania, who at all relevant times was employed by Plaintiff 3G Wireless, Inc under a franchise dealer Agreement at their business location situated at 1415 W Girard Avenue, Philadelphia, PA

17. Defendant, Yung King Lau, is an adult individual who is a citizen of the Commonwealth of Pennsylvania who resides at 1214 N Broad Street, City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania who at all relevant times leased 1415 W Girard Avenue, Philadelphia, PA to Plaintiffs 3G Wireless, Inc and Joseph Cho under a written Commercial Lease Agreement.

18. Defendant, David Eun Kyu Chung, is an adult individual who is a citizen of the Commonwealth of Pennsylvania who resides at 102 green Valley Circle, Dresher, Montgomery County, Commonwealth of Pennsylvania who at all relevant times was employed by Plaintiff 3G Wireless, Inc under a franchise Dealer Agreement at their business location situated at 2310 N Front Street, Philadelphia, PA.

19. Defendant, Gwang Tae Kim is an adult individual who is a citizen of the Commonwealth of Pennsylvania who resides at 31 S 52nd Street, City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania, who at all relevant times is employed by defendant MetroPCS to own and operate retail cellular phone businesses within the Philadelphia, PA region, including a retail cellular business situated at the aforementioned 31 S 52nd Street, Philadelphia, PA 19139.

20. Defendant, City Wireless Solutions, Inc is a for-profit corporate entity formed and organized under the laws of the Commonwealth of Pennsylvania and is a citizen of the Commonwealth of Pennsylvania whose main business office is located at 11 S 63rd Street, City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania who at all relevant times is employed by defendant MetroPCS to own and operate retail cellular phone businesses within the Philadelphia, PA region, including a retail cellular business situated at the aforementioned 11 S 63rd Street, Philadelphia, PA 19139.

21. Defendant, Samuel Insik Kim is an adult individual who is a citizen of the State of New Jersey who resides at 307 Ivy Court Marlton, Burlington County, State of New Jersey, who at all relevant times is employed by defendant MetroPCS to own and operate retail cellular phone businesses within the Philadelphia, PA and Hartford, Ct region, and was employed by Plaintiff 3G Wireless, Inc under a franchise Dealer Agreement at their business location situated 879 New Britain Avenue, Hartford, CT 06108.

### FACTS- 3G WIRELESS CONTRACT

22. On or about June 1, 2008, Plaintiff 3 G Wireless, Inc and defendant MetroPCS entered into an exclusive dealer contract (hereinafter "Dealer Contract") whereby MetroPCS granted to 3G Wireless an exclusive license to sell and market MetroPCS cellular and wireless products, equipment and marketing materials at various locations owned and operated by 3G Wireless, Inc and Plaintiff Joseph Cho.

23. The duration of the initial Dealer Contract between the parties was short-term in nature and believed to be a term not exceeding One (1) year.

24. As a pre-requisite to entering into the Dealer Contract, Metro PCS required 3G Wireless, Inc to secure leases, government-issued permits and licenses, business equipment and fixtures and all other "start-up' costs for each of the various retail locations, all of Plaintiffs 3G Wireless, Inc and Joseph Cho's sole expense.